IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MARVEL JONES, | |
|---|---|
| Plaintiff, | 8:20CV62 |
| vs. | ORDER |
| JOHN CARTER, TIMOTHY CARMICHAEL, JEFFREY HOWARD, MICHAEL D. GOOCH, DENNIS R. KEEFE, ROBERT HAYES, COUNTY OF LANCASTER COUNTY, NEBRASKA, CITY OF LINCOLN, LINCOLN POLICE DEPARTMENT, SHRIEFF OFFICER UNKNOWN, COUNTY OF LANCASTER COUNTY SHRIEFF DEPARTMENT, CHIEF OF LINCOLN POLICE DEPARTMENT, and PUBLIC DEFENDER OFFICE, | |
| Defendants. | |

Plaintiff has filed a motion for court-appointed counsel. (Filing No. 4). A civil litigant has no constitutional or statutory right to a court-appointed attorney. The court may, however, make such an appointment at its discretion. [Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)](). A trial court has broad discretion to decide whether both the pro se party and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the pro se party's ability to investigate the facts and present or defend the claims. [Id](). The court may also consider whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel.

Considering all these factors, the court finds appointment of counsel is not warranted under the facts presented. The claims and defenses at issue are not factually or legally complex, and Plaintiff has not shown that he attempted to locate counsel without court assistance. Moreover, as evidenced by the complaint, Plaintiff is able to organize the evidence, marshal the facts, and present written statements and arguments to support his position. Plaintiff is able to adequately litigate the claims and defenses. Id.  See also, 28 U.S.C § 1915(a).

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for appointed counsel, (Filing No. 4), is denied.

2) On or before March 25, 2020, Plaintiff shall either: (a) obtain the services of counsel and have that attorney file an appearance in this case; or (b) file a statement notifying the court of his intent to litigate this case without the assistance of counsel. The failure to do so may result in a dismissal of Plaintiff's claims without further notice.

Dated this 4th day of March, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge