IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>              **Plaintiff,**<br><br>  vs.<br><br>**JOHN CARTER**, sued in their individual and in their official capacities; **TIMOTHY CARMICHAEL**, sued in their individual and in their official capacities; **JEFFREY HOWARD**, sued in their individual and in their official capacities; **MICHAEL D. GOOCH**, sued in their individual and in their official capacities; **DENNIS R. KEEFE**, sued in their individual and in their official capacities; **ROBERT HAYES**, sued in their individual and in their official capacities; **COUNTY OF LANCASTER COUNTY, NEBRASKA, CITY OF LINCOLN, LINCOLN POLICE DEPARTMENT, SHRIEFF OFFICER UNKNOWN**, sued in their individual and in their official capacities; **COUNTY OF LANCASTER COUNTY SHRIEFF DEPARTMENT, CHIEF OF LINCOLN POLICE DEPARTMENT**, sued in their individual and in their official capacities; and **PUBLIC DEFENDER OFFICE**,<br><br>              **Defendants.** | **8:20CV62**<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on the Motion to Dismiss, ECF No. 25, filed by Defendants Lancaster County, Nebraska, and Lancaster County Sheriff Department[1]; the Motion to Dismiss, ECF No. 36, filed by Defendant Lincoln Police Department; and the

---

[1] The Complaint misspells the term "Sherriff." However, subsequent filings make clear that Plaintiff intended to sue the Lancaster County Sheriff Department. All references to the "Shrieff" are assumed to be references to the Lancaster County Sheriff Department.

Motion to Dismiss, ECF No. 47, filed by Defendants Michael Gooch, Robert Hayes, Dennis Keefe, and Public Defender's Office.[2] Plaintiff filed two responsive Objections, ECF No. 39 and ECF No. 49. For the reasons stated below, all Motions to Dismiss will be granted.

## BACKGROUND

The following summary is based on facts alleged in the Complaint, ECF No. 1, which are assumed true for purposes of the pending Motions to Dismiss.

In August 1996, law enforcement investigated Plaintiff Marvel Jones for sexual assault of a child. During the investigation, Defendant Timothy Carmichael interviewed Jones. During the interview, Jones denied the allegations and agreed to take a polygraph test.

On August 28, 1996, Defendant Jeffrey Howard administered the polygraph test to Jones. Over the course of approximately 3 hours and 40 minutes, Howard performed five polygraph tests, including pre and post test questions. Howard did not give Jones a *Miranda* warning. Jones was uncertain if the door to the room was locked during the polygraph test. Jones confessed following the polygraph test, and he was arrested.

Defendant Michael Gooch was appointed as Jones's public defender. Jones alleges that Gooch did not investigate alleged police misconduct and was ineffective at trial. After trial, Jones appealed his conviction, represented by Gooch and Defendant Dennis Keefe. Jones alleges appellate counsel did not raise multiple appealable issues. Jones's conviction was affirmed on appeal and Gooch and Keefe did not continue to

---

[2] The Complaint makes allegations against "Public Defender Office." The summons and subsequent documents clarify that this reference is to the Lancaster County Public Defender's Office. All reference to the "Public Defender's Office" in this Memorandum and Order are to the Lancaster County Public Defender.

2

represent Jones on further appeals. Defendant Robert Hayes is the chief Lancaster County Public Defender. Jones alleges that Hayes and the Public Defender's Office failed to train the public defenders properly.

After trial, Jones received police reports pertaining to his case. The reports contained exculpatory material that he was not aware of during his trial. This material included a CrimeStoppers tip that indicated the victims were planning on making a false report against Jones. The reports also contained multiple inconsistencies between the victims and other interviewees. An unknown Lancaster County Sheriff Department employee transported Jones to the Diagnostic/Evaluation Center on April 3, 1997.

Jones brought this action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, and 1988 ("the federal claims"); along with common law claims of abuse of process, malicious misuses of the legal process, false imprisonment, malicious prosecution, false arrest, negligence, gross negligence, civil conspiracy, criminal conspiracy, and wrongful detention ("the state claims"). Jones seeks release from Norfolk Regional Center, monetary damages, removal of his name from sex offender registration lists, and expungement of his conviction from his criminal record.

Defendants Lancaster County and Lancaster County Sheriff Department filed a Motion to Dismiss, ECF No. 25, on July 14, 2020. Defendant Lincoln Police Department filed a Motion to Dismiss, ECF No. 36, on July 16, 2020. Plaintiff Jones filed an Objection to Dismissal for Cause, ECF No. 39, on July 30, 2020. Defendants Michael Gooch, Robert Hayes, Dennis Keefe, and Public Defender Office filed a Motion to Dismiss, ECF No. 47, on August 7, 2020. Jones filed an Objection to Motion to Dismiss, ECF No. 49, on August

20, 2020. Defendants Carter, Carmichael, Howard, Chief of Lincoln Police Department, and the City of Lincoln answered the complaint, and have not moved to dismiss.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[W]hile 'a complaint need not contain detailed factual allegations, it must contain facts with enough specificity to raise a right to relief above the speculative level." *LSP Transmission Holdings, LLC v. Sieben*, 954 F.3d 1018, 1025 (8th Cir. 2020) (citing *U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (alteration in original) (citations omitted) (internal quotations emitted). 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1025-26; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vigeant v. Meek*, 953 F.3d 1022, 1024 (8th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Sieben*, 954 F.3d at 1026.

On a motion to dismiss, the court must accept factual allegations as true and view them in the light most favorable to the nonmovant, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir.

4

2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Determining whether a complaint states a plausible claim for relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019) (citing *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010).

While "a pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties,'" *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 (8th Cir. 2010) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)), "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Construing the complaint liberally "mean[s] that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*, 364 F.3d at 914).

## DISCUSSION

The defendants raised multiple defenses to Jones's suit, but the Court bases its dismissal on the following defenses. The Lincoln Police Department is a non-suable entity as an agency of a political subdivision. Jones's federal claims against the remaining moving defendants are dismissed under res judicata and statute of limitations. Jones's

state claims are dismissed for failure to comply with Nebraska's Political Subdivisions Tort Claims Act. Neb. Rev. Stat. §§ 13-901-13-928.

**I.     Lincoln Police Department**

Defendant Lincoln Police Department ("LPD") filed a motion to dismiss on the grounds that LPD is a non-suable entity.[3] "Capacity to sue or be sued is determined . . . for all other parties [other than individuals or corporations], by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Nebraska law, any government entity may be sued in its own name if it is an independent political subdivision. Neb. Rev. Stat. § 13-903. Political subdivisions include "villages, cities of all classes, counties, school districts, learning communities, public power districts, and all other units of local government." *Id.* A political subdivision is characterized by "a governing body with the power and authority to appropriate funds and make expenditures." *Meyer v. Lincoln Police Dept.*, 347 F. Supp. 2d 706, 707 (D. Neb. 2004).

Departments and agencies of county or municipal governments are not political subdivisions under Nebraska law. *Medrano Cambara v. Schlote*, No. 8:14CV260, 2015 WL 5775766 at *3 (D. Neb. Sept. 30, 2015) (citing *Holmstedt v. York County Jail Supervisor*, 739 N.W.2d 449, 461 (Neb. Ct. App. 2007)). A government department or agency is not a separate legal entity, but an "alter ego of the state itself." *Id.* at *3 (quoting *Catania v. Univ. of Neb.*, 282 N.W.2d 27, 30 (Neb. 1979)). A plaintiff with a claim against the police department of a city, would sue the city instead of the department. *Id.* In *Meyer,* this Court found that the Lincoln Police Department was "an agency of a political subdivision, i.e. the City of Lincoln . . . [and] has no separate legal status under Nebraska

---

[3] Motion to Dismiss, ECF No. 36, was made pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) & 12(b)(5) (insufficient service of process).

6

law." 347 F. Supp. 2d at 707. Similarly, in *Medrano Cambrara*, this Court held that a county attorney's office and a city police department did not have the capacity to be sued because neither had "their own governing bodies with power to levy taxes or make expenditures." 2015 WL 5775766 at *3.

Because the LPD is not political subdivision under Nebraska law, it does not have the capacity to be sued. Accordingly, Jones's claims against the LPD must be dismissed.

## II.     Res Judicata

Defendants Michael Gooch, Dennis Keefe, Robert Hayes, and the Public Defender's Office ("the Public Defender group") moved to dismiss Jones's federal claims on the basis of res judicata. Res judicata prevents a party from relitigating issues that were raised in a prior action or should have raised in that action. *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "The doctrine of *res judicata* . . . applies when '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Elbert*, 903 F.3d at 782 (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). "Involuntary dismissal is typically an adjudication on the merits unless a court order states otherwise or the dismissal is based on lack of jurisdiction, improper venue, or failure to join a party under Rule 10." *Olson v. Kopel*, No. 14CV3975, 2015 WL 13731339, at *7 (D. Minn. Dec. 23, 2015) (citing Fed. R. Civ. P. 41(b)), *report and recommendation adopted*, 2016 WL 452132 (D. Minn. Feb. 5, 2016), *aff'd*, 673 F. App'x 605 (8th Cir. 2017). Whether a claim or cause of action are the same "depends on whether the claims arise out of the same nucleus of operative fact or are

based upon the same factual predicate." *Elbert*, 903 F.3d at 782 (quoting *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989)).

Res judicata applies to this action because Jones filed a nearly identical complaint in 2019 (the "2019 action"). Jones's federal claims in the 2019 action were adjudicated on the merits.[4] The Court dismissed the complaint for failure to state a claim, *Jones v. Carter*, No. 8:19CV288, 2019 WL 3429821, at *3, *7 (D. Neb. July 30, 2019), and entered judgment. *Jones v. Carter*, No. 8:19CV288, ECF No. 9 (D. Neb. July 30, 2019). There was no dispute that the Court had proper jurisdiction. Jones initially appealed the decision in the 2019 action but dismissed his appeal on February 10, 2020, the same day he brought this action.

Each of the moving defendants in this case were named defendants in the 2019 action. Additionally, the claims or causes of action in this case are similar, if not identical, to Jones's claims in the 2019 action. Furthermore, both the 2019 case and this case arise from the same nucleus of operative fact; namely, the 1996 investigation, arrest, and conviction for First Degree Sexual Assault.[5] Accordingly, each of the elements of res judicata is satisfied in this case.

The Court will also apply res judicata to dismiss the Lancaster County Sheriff's Department and Lancaster County. The Court may dismiss an action sua sponte for res judicata if the court is on notice that it has previously decided the issue. *See White v. Simpson*, No. 2:19-CV-02111, 2019 WL 4261118 at *1 (W.D. Ark, Sept. 9, 2019);

---

[4] Res judicata does not apply to the state claims because in the 2019 action the Court declined to exercise supplemental jurisdiction over the state law claims and dismissal of the state law claims was not on the merits.

[5] To the extent Jones's complaint in this case raises any additional claims arising from the same nucleus of operative fact, those claims should have been raised in the 2019 case. *See Elbert*, 903 F.3d at 782.

8

*Przybylski v. North Dakota*, No. 3:19-cv-279, 2020 WL 2029972 at *2 (D. ND, April 6, 2020) (although "[c]ourts generally lack the ability to raise an affirmative defense sua sponte," a court may raise a defense when "the court is on notice that it has previously decided the issue presented.") (internal quotations and citations omitted.)). Raising the res judicata defense for the remaining moving parties is "fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000), supplemented, 531 U.S. 1 (2000). Accordingly, the federal claims against the moving parties[6] are dismissed under the doctrine of res judicata.

### III. Statute of Limitations

To the extent Jones's federal claims were not raised in the 2019 action, they are time-barred. Jones asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, and 1988.[7] The complaint does not identify which defendants violated which statute. Because there is no specifically stated statute of limitations for causes of action under §§ 1981, 1983, and 1985, the controlling period is governed by state law. *See Anderson v. City of Minneapolis*, 934 F.3d 876, 880 (8th Cir. 2019). Nebraska's three-year statute of limitations applies to § 1981 claims. *Guy v. Swift and Co.*, 612 F.2d 383, 385 (8th Cir.

---

[6] At this stage, the court will not raise the res judicata defense on behalf of the defendants who answered the complaint. Although several of the other non-moving defendants were named in the 2019 action, it is not clear whether non-moving parties assert that Jones's claims against them arise out of the same operative facts.

[7] 42 U.S.C. §§ 1987 and 1988 do not provide private causes of actions. Section 1987 authorizes "United States attorneys, marshals, and deputy marshals, the United States magistrate judges appointed by the district and territorial courts . . . to institute prosecutions." Section 1988 is recognized as a procedural rule and does not support a private cause of action. *Stagemeyer v. Cty. of Dawson, NE.*, 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002). Accordingly, Jones's §§ 1987 and 1988 claims are dismissed for failure to state a claim.

1980). Nebraska's four-year statute of limitations applies to §§ 1983 and 1985 claims. *Bridgeman v. Neb. State Pen*, 849 F.2d 1076, 1077 (8th Cir. 1988); *Jones v. Carter*, 2020 WL 58442, at *6 (D. Neb. Jan. 6, 2020); *Thompson v. Kyle*, No. 8:05CV136, 2005 WL 2128581, at *4 (D. Neb. Aug. 29, 2005). Section 1986 sets a one-year statute of limitations. 42 U.S.C. § 1986.

An action's accrual is based on federal law, and equitable tolling on state law. *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). "Accrual occurs when the plaintiff has a complete and present cause of action," or when the "plaintiff knows or has reason to know of the injury which is the basis of the action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hall v. Elrod*, 399 Fed.Appx. 136, 137 (8th Cir. 2010) (unpublished). As previously noted, because the complaint does not identify which defendant violated which federal statute; it is difficult for the Court to determine when the actions accrued under each statute. Giving the Complaint a liberal interpretation, Jones alleges that all parties entered into a conspiracy that culminated in him being falsely convicted and imprisoned for First Degree Sexual Assault. His trial ended on March 3, 1997, and his conviction was affirmed on appeal on March 17, 1998. Jones does not allege any facts that suggest a later date of accrual.

According to Neb. Rev. Stat. § 25-213, "if a person entitled to bring any action mentioned in this chapter . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed." However, the Nebraska Supreme Court "held that a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which

10

prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment." *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996). A recognizable legal disability is demonstrated by a showing "that his incarceration prevented him from exercising his legal rights in any way." *Cole v. Kilgore*, 489 N.W.2d 843, 845 (Neb. 1992).

Jones argues that his federal claims should be equitably tolled under Neb. Rev. Stat. § 25-213. Obj., ECF No. 39, Page ID 16-17. However, Jones does not set forth a recognizable legal disability that has prevented from exercising his legal rights. Instead, he had the ability to file eighteen state motions attacking his conviction. *Id.* Page ID 17. The tolling statute does not apply to Jones's case. Accordingly, Jones's federal claims are time barred and must be dismissed for failure to state a claim upon which relief can be granted.

**IV.   State Law Claims**

Jones's state common law claims are barred for failure to comply with the Political Subdivisions Tort Claims Act. Neb. Rev. Stat. §§ 13-901-13-928. Jones listed multiple tort causes of actions in his Complaint, including: Abuse of Process, Malicious Misuse of the Legal Process, False Imprisonment, Malicious Prosecution, False Arrest, Negligence, Gross Negligence, Civil Conspiracy, Criminal Conspiracy, and Wrongful Detention Without Probable Cause. ECF No. 1, Page ID 1-2. Compliance with the Political Subdivision Tort Claims Act ("PSTCA") is a condition precedent to bringing a tort action against a political subdivision, its officers, agents, or employees. *Keller v. Tavarone*, 655 N.W.2d 899, 903 (Neb. 2003). Prior to commencement of an action under the PSTCA, the plaintiff must file or present a claim to the appropriate political subdivision within one

year of accrual of the claim. *Id.* at 903-904. No suit is permitted under the PSTCA, "unless the governing body of the political subdivision has made final disposition of the claim." Neb. Rev. Stat. § 13-920(2).

The PSTCA applies to actions against public defenders and counties. *Knight v. Hays*, 544 N.W.2d 106, 109 (Neb. Ct. App. 1996) (citing *Gallion v. O'Connor*, 494 N.W.2d 532 (Neb. 1993)); Neb. Rev. Stat. § 13-903(1). The burden is on the plaintiff to show compliance with the PSTCA. *Knight*, 544 N.W.2d at 110. Defendants Public Defender's Office, Gooch, Keefe, Hayes, Lancaster County, and Lancaster County Sherriff Department are covered under the PSTCA, and each defendant raised the PSTCA as grounds for dismissal. Jones must show compliance with the PSTCA in order to maintain a tort action against the parties. He has not met his burden of showing compliance with the PSTCA, and his state law tort claims are dismissed. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 25, filed by Defendants Lancaster County and Lancaster County Sheriff Department is granted;

2. The Motion to Dismiss, ECF No. 36, filed by Defendant Lincoln Police Department is granted;

3. The Motion to Dismiss, ECF No. 47, filed by Defendants Michael Gooch, Robert Hayes, Dennis Keefe, and Public Defender Office is granted.

4. The Clerk of Court is directed to terminate Plaintiff's opposition briefs, filed as objections, at ECF Nos. 39 and 49;

5. All claims against Lancaster County, Lancaster County Sheriff Department, Lincoln Police Department, Michael Gooch, Robert Hayes, Dennis Keefe, and the Public Defender Office are dismissed with prejudice; and

6. The Clerk of Court is directed to terminate the following parties and remove them from the case caption: County of Lancaster County, County of Lancaster County Sheriff Department, Lincoln Police Department, Michael Gooch, Robert Hayes, Dennis Keefe, and Public Defender Office.

Dated this 1st day of September, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge