IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN CARTER, sued in his individual and in official capacity; TIMOTHY CARMICHAEL, sued in his individual and in official capacity; JEFFREY HOWARD, sued in his individual and in official capacity; CITY OF LINCOLN; CHIEF OF LINCOLN POLICE DEPARTMENT,<br><br>    Defendants. | 8:20CV62<br><br>MEMORANDUM & ORDER |

  This matter is before the Court on the Motion for Summary Judgment, filed by the remaining Defendants in this case: the City of Lincoln, John Carter, Timothy Carmichael, Jeffrey Howard, and Chief of Lincoln Police Department, Jeff Bliemeister, Filing No. 79. Plaintiff Marvel Jones filed a responsive Objection, Filing No. 82. For the reasons stated below, the Motion for Summary Judgment will be granted, and the Objection will be overruled.

**BACKGROUND**

  Plaintiff did not respond to Defendants' Statement of Facts, as required by NECivR 56.1. Nevertheless, Plaintiff's briefing does not appear to dispute any of the few facts that the moving Defendants presented. Construing Plaintiffs' filings liberally and having reviewed the record, the following facts are either undisputed or uncontroverted by any evidence in the record.

1

In August 1996, law enforcement investigated Plaintiff Marvel Jones for sexual assault of a child. On August 21, 1996, Plaintiff was alleged to have committed the crime of first-degree sexual assault of a child in Lincoln, Lancaster County, Nebraska. Plaintiff was charged with in an Information in Lancaster County District Court where he was ultimately convicted by jury of first-degree sexual assault, second offense and sentenced to a term of imprisonment for 25-40 years which began on April 2, 1997. This conviction was affirmed by the Nebraska Court of Appeals. See *State v. Jones*, 6 Neb. App. 647, 649-51 (1998)).

In 2019, Plaintiff filed a nearly identical civil action (the "2019 action"). The Court dismissed the complaint for failure to state a claim, *Jones v. Carter*, No. 8:19CV288, 2019 WL 3429821, at *3, *7 (D. Neb. July 30, 2019), and entered judgment. *Jones v. Carter*, No. 8:19CV288, Filing No. 9 (D. Neb. July 30, 2019).

Plaintiff brought this action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, and 1988 ("the federal claims"); along with common law claims of abuse of process, malicious misuses of the legal process, false imprisonment, malicious prosecution, false arrest, negligence, gross negligence, civil conspiracy, criminal conspiracy, and wrongful detention ("the state claims"). Plaintiff seeks release from Norfolk Regional Center, monetary damages, removal of his name from sex offender registration lists, and expungement of his conviction from his criminal record.

At the time of Defendant's initial investigation, Defendants John Carter, Timothy Carmichael, and Jeffrey Howard were employed as officers for the Lincoln Police Department. They are each being sued in their induvial and official capacities. Plaintiff named an additional defendant, John Doe, as the Chief of Police for the Lincoln Police

Department, that individual is also being sued in his individual and official capacity. Plaintiff is also suing the City of Lincoln.

On February 11, 2021, counsel for the moving Defendants submitted discovery requests to Plaintiff in this matter. Plaintiff partially completed the Requests for Admissions and returned them on March 4, 2021. Declaration of Richard Tast, Filing No. 80-1. Though Plaintiff's answers were incomplete, Plaintiff admitted the actions which served as the basis for his suit occurred in 1996. See Filing No. 80-1 at 4.

## STANDARD OF REVIEW

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Foster v. BNSF Ry. Co., 866 F.3d 962, 966 (8th Cir. 2017) (quoting Fed. R. Civ. P. 56(a). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

"The movant bears the initial responsibility of informing the district court of the basis for its motion, 'and must identify those portions of the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting Celotex, 477 U.S. at 323). If the movant meets the initial burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" Torgerson, 643 F.3d at 1042 (quoting Celotex, 477 U.S. at 324). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material

3

facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" Torgerson, 643 F.3d at 1042 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). "The mere existence of a scintilla of evidence in support of the [nonmovant' s] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Barber v. CI Truck Driver Training, LLC, 656 F.3d 782, 791-92 (8th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

## DISCUSSION

### I. Statute of Limitations

As stated in its previous Memorandum and Order, Filing No. 53, to the extent Plaintiff's federal claims were not raised in the 2019 action,[1] they are time-barred. Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, and 1988.[2] The complaint does not identify which defendants violated which statute. Because there is no specifically stated statute of limitations for causes of action under §§ 1981, 1983, and 1985, the controlling period is governed by state law. See Anderson v. City of Minneapolis, 934 F.3d 876, 880 (8th Cir. 2019). Nebraska's three-year statute of limitations applies to § 1981 claims. Guy v. Swift and Co., 612 F.2d 383, 385 (8th Cir.

---

[1] In its previous Memorandum and Order, the Court stated that it would not raise the res judicata defense on behalf of the defendants who answered the complaint, i.e., the moving Defendants. Although several of the moving Defendants were named in the 2019 action, it is not clear whether non-moving parties assert that Plaintiff's claims against them arise out of the same operative facts. The moving Defendants again only assert facts related to their statute of limitations defense, so the Court will focus its decision on that argument.

[2] As noted in its prior order, 42 U.S.C. §§ 1987 and 1988 do not provide private causes of actions. Section 1987 authorizes "United States attorneys, marshals, and deputy marshals, the United States magistrate judges appointed by the district and territorial courts . . . to institute prosecutions." Section 1988 is recognized as a procedural rule and does not support a private cause of action. Stagemeyer v. Cty. of Dawson, NE., 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002). Accordingly, Plaintiff's §§ 1987 and 1988 claims are dismissed for failure to state a claim.

1980). Nebraska's four-year statute of limitations applies to §§ 1983 and 1985 claims. *Bridgeman v. Neb. State Pen*, 849 F.2d 1076, 1077 (8th Cir. 1988); *Jones v. Carter*, 2020 WL 58442, at *6 (D. Neb. Jan. 6, 2020); *Thompson v. Kyle*, No. 8:05CV136, 2005 WL 2128581, at *4 (D. Neb. Aug. 29, 2005). Section 1986 sets a one-year statute of limitations. 42 U.S.C. § 1986.

An action's accrual is based on federal law, and equitable tolling on state law. *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). "Accrual occurs when the plaintiff has a complete and present cause of action," or when the "plaintiff knows or has reason to know of the injury which is the basis of the action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hall v. Elrod*, 399 Fed.Appx. 136, 137 (8th Cir. 2010) (unpublished). As previously noted in Filing No. 53, because the complaint does not identify which defendant violated which federal statute; it is difficult for the Court to determine when the actions accrued under each statute. Giving the Complaint a liberal interpretation, Plaintiff alleges that all parties entered into a conspiracy that culminated in him being falsely convicted and imprisoned for First Degree Sexual Assault. His trial ended on March 3, 1997, and his conviction was affirmed on appeal on March 17, 1998. Plaintiff admits that the facts giving rise to his Complaint occurred in 1996. *See* Filing No. 1-1 at 4. Plaintiff does not allege any facts or present any evidence that suggest a later date of accrual.

According to Neb. Rev. Stat. § 25-213, "if a person entitled to bring any action mentioned in this chapter . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter after such disability is removed." However, the Nebraska Supreme Court "held that a showing

5

of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment." *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996). A recognizable legal disability is demonstrated by a showing "that his incarceration prevented him from exercising his legal rights in any way." *Cole v. Kilgore*, 489 N.W.2d 843, 845 (Neb. 1992).

Plaintiff continues to argue that his federal claims should be equitably tolled under Neb. Rev. Stat. § 25-213. Obj., Filing No. 82 at 4-5. However, Plaintiff does not set forth a recognizable legal disability that has prevented from exercising his legal rights. Instead, the record shows that he had cognitive and legal ability to file eighteen state motions attacking his conviction. *See* Filing No. 39. The tolling statute does not apply to Plaintiff's case. Accordingly, Plaintiff's federal claims are time barred and must be dismissed for failure to state a claim upon which relief can be granted.

## II. State Law Claims

Plaintiff's remaining state common law claims are barred for failure to comply with the Political Subdivisions Tort Claims Act. Neb. Rev. Stat. §§ 13-901-928. Plaintiff listed multiple tort causes of actions in his Complaint, including: Abuse of Process, Malicious Misuse of the Legal Process, False Imprisonment, Malicious Prosecution, False Arrest, Negligence, Gross Negligence, Civil Conspiracy, Criminal Conspiracy, and Wrongful Detention Without Probable Cause. Filing No. 1 at 1-2. Compliance with the Political Subdivision Tort Claims Act ("PSTCA") is a condition precedent to bringing a tort action against a political subdivision, its officers, agents, or employees. *Keller v. Tavarone*, 655 N.W.2d 899, 903 (Neb. 2003). Prior to commencement of an action under the PSTCA,

6

the plaintiff must file or present a claim to the appropriate political subdivision within one year of accrual of the claim. *Id.* at 903-904. No suit is permitted under the PSTCA, "unless the governing body of the political subdivision has made final disposition of the claim." Neb. Rev. Stat. § 13-920(2).

The PSTCA applies to actions against public defenders and counties. *Knight v. Hays*, 544 N.W.2d 106, 109 (Neb. Ct. App. 1996) (citing *Gallion v. O'Connor*, 494 N.W.2d 532 (Neb. 1993)); Neb. Rev. Stat. § 13-903(1). The burden is on the plaintiff to show compliance with the PSTCA. *Knight*, 544 N.W.2d at 110. The moving Defendants are covered under the PSTCA, *see* Neb. Rev. Stat. § 13-903(1), (3), and each Defendant raised the PSTCA as grounds for dismissal. Plaintiff must show compliance with the PSTCA in order to maintain a tort action against the parties. He has not met his burden of showing compliance with the PSTCA, and his state law tort claims are dismissed.

Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment, filed by Defendants City of Lincoln, John Carter, Timothy Carmichael, Jeffrey Howard, and Jeff Bliemeister, Filing No. 79, is granted;

2. Plaintiff Marvel Jones Objection, Filing No. 82, is overruled;

3. This action is dismissed, with prejudice; and

4. A separate judgment will be entered.

Dated this 1st day of September 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge