IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN CARTER, sued in their individual and in their official capacities; TIMOTHY CARMICHAEL, sued in their individual and in their official capacities; JEFFREY HOWARD, sued in their individual and in their official capacities; CITY OF LINCOLN, and CHIEF OF LINCOLN POLICE DEPARTMENT, sued in their individual and in their official capacities;<br><br>    Defendants. | 8:20CV62<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Filing No. 102. For the reasons stated herein, the Court denies the motion.

On September 1, 2021, the Court issued a memorandum and order granting the named Defendants' motion for summary judgment. Filing No. 85. The Court concluded Plaintiff's federal claims were time barred and his state law claims were barred for failure to comply with the Political Subdivisions Tort Claims Act ("PSTCA"). Filing No. 85 at 6. Accordingly, the Court dismissed the action with prejudice. Filing No. 85 at 7.

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from an order for certain reasons, including mistake, the judgment being void, and any other reason that justifies relief. Plaintiff argues that the Court erred in dismissing the action without considering all claims raised in the complaint. Filing No. 102 at 1–2. In

1

support of his motion, Plaintiff lists the issues he believes the Court failed to consider. *Id.* However, in reviewing this list, it is apparent the Court has addressed all state and federal claims in its previous orders. See Filing No. 85 and Filing No. 53.

Plaintiff claims the Court failed to address the merits of the following federal claims: a Fourth Amendment claim against Officer Howard for taking Plaintiff's bag and baseball cap without permission and setting them in another room so Plaintiff was not free to leave; a Fourth Amendment claim against Officer Howard for taking a picture of Plaintiff without permission; and a *Miranda* violation by Officer Howard based on pre-test questions, post-test questions, and polygraph test questions. Filing No. 102 at 2. However, the Court previously found all Plaintiff's federal claims were time barred. Filing No. 85 at 6. The Court finds no error in this determination. Because these claims are time barred, the Court did not need to also address them on their merits. Summary judgment was warranted in Defendants' favor on Plaintiff's federal claims. Filing No. 85.

Plaintiff also takes issue with the Court not addressing the merits of the following state-law claims: a fraud claim, a claim based on a state-created impediment to access the courts, a claim of exculpatory evidence of photographs of the crime scene, a claim based on exculpatory impeachment evidence of a state's witness, a polygraph evidence claim, and a coerced confession claim. Filing No. 102 at 1–2. However, the Court ruled Plaintiff's state claims were barred for failure to comply with the PSTCA and finds no error in such determination. Filing No. 85 at 7. Summary judgment was properly granted to Defendant's on the state law claims as well. *Id.* at 6–7.

Lastly, Plaintiff claims the Court should have tolled the statute of limitations based on Neb. Rev. Stat. § 29-2813. Filing No. 102 at 1. However, this statue is specific to

state habeas corpus proceedings. Plaintiff did not raise a state habeas corpus claim. Therefore, Neb. Rev. Stat. § 29-2813 is inapplicable to the case at hand, and Plaintiff's claim for relief based thereon is meritless.

All claims brought by Plaintiff have been previously determined to be time barred or were barred for failure to comply with the PSTCA and have since been dismissed. Filing No. 85 at 6–7. The Court sees no reason to deviate from its previous judgment.

IT IS ORDERED:

1. Plaintiff's motion for relief from judgment, Filing No. 102, is denied.

Dated this 18th Day of October, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge